Good morning, your honors. J. David Nick on behalf of the appellant Memo Parker. I think that the answer to this appeal lies in a correct interpretation and a reading of the Weatherford v. Bursey case. The problem in this case I think originates by reading the district court's order, which unequivocally, when you compare it to the holding of Weatherford v. Bursey and what occurred there, indicates that the court just didn't understand the case. With all due respect to Judge Breyer, as the district court's order stated, the Supreme Court held that plaintiff failed to plead facts necessary for a 1983 claim. No such thing ever occurred in Weatherford v. Bursey. As a matter of fact, what's ironic is that the true holding of that case is that when these types of claims are brought, the individual is entitled to a factual, judicial determination as to whether there has been any prejudice caused by the extraction of statements, information, and violation of the Sixth Amendment. So what was the substantial prejudice? First of all, getting to the point here, I just want to point out some things that are critical in Weatherford, because in order to answer that question, they are critical. But the point, though, is that in order for the court to make a finding of prejudice, there has to be some kind of showing. There has to be pleading. And so when we look at Weatherford, this is what the court there said. This is the key portion, and this is exactly what we pled and what the prejudice was that we offered. I'm reading from page 556, actually it starts at 555, of the U.S. Supreme Court opinion. Nevertheless, it might be argued that Weatherford, a dutiful agent, surely communicated to the prosecutors Bercy's defense plans and strategy and his attorney's efforts to prepare for trial, all of which was inherently detrimental to Bercy, unfairly advantaged the prosecution, and threatened to subvert the adversary's system of criminal justice. That's precisely what we argue here. Here's what the court goes on to say about that. But how is your client substantially prejudiced here? First of all, I want to point out the words. You should answer that question for us. Yes. The word substantial, Your Honor, does not come out of the Supreme Court case. It only uses the word prejudice. So in light of that, here's a defendant who's had a trial. The jury has hung. He's awaiting retrial. During the retrial phase, a unargued, admitted Sixth Amendment violation occurs. The defendant is questioned about his trial strategies, about statements that his attorney has made, about what has occurred on the case, and extracted incriminating statements. Thereafter, that is recorded in a police report, is recorded in a digital recording. It is transferred directly to the district attorney's office. In our pleadings, we indicated the district attorney's office used that to gain an advantage over the defendant in order to gain either a plea bargain, a resolution of the case, a guilty plea. Now, the question here then arises, well, you should have done a motion to suppress. You should have gone to trial. There is no law at all that supports that. The plea bargain is an essential part of the American judicial system. And for a defendant to have to sit there and choose between, okay, A, I will run the gauntlet and see if I can get a judge to exclude the statements. I will run the gauntlet and risk losing this plea bargain that is now being offered knowing that I have to run the gauntlet. But how can you show prejudice at that point if you didn't file a motion to suppress? And isn't it speculation to say you were prejudiced because you don't know what the motion to suppress, what the outcome would have been? The whole point of the Weatherford decision, Your Honor, is every claim of prejudice when the prosecutors have received the information is speculative because nobody knows what they did with it. And so in essence, it necessitates a factual inquiry, discovery, depositions, questioning of the prosecutors. Then we get beyond the speculation that is alleged, an alleged speculation. You're running up against the pleading requirements of the procedural rules because you don't get discovery and you don't get depositions and you don't get a summary judgment if you have not adequately pled your cause of action. And you can't do it in a conclusory manner. You've got to put in something. And in this case, as one of our arguments is, is that on our reply brief, when we had the hearing on the 12b-6, we asserted additional facts, which those facts are the same ones I just articulated, and we should have been given a right to amend and add more into it. And I want to say this because this is critical about the Bursey case. Now, after I read the part, which is what we've pled, here's what the Court goes on to say. So Bursey was after a trial. It was not at a trial. Exactly. Right. And I agree. It was not in the pleading stages. So it's a little mixing apples and oranges to read from Bursey because that's after a trial. And so your case, we're looking at the pleadings to see whether or not there's enough status. And so, again, we pled the same thing that I read from the opinion, which I read. The problem is that under the pleading standards that have been set out by the Supreme Court, you can't just plead legal conclusions as factual allegations. But, Your Honor, it's not a legal conclusion to say this defendant was forced to take a plea bargain because if he didn't, he would have to risk losing the motion to suppress, losing a better offer, probably being convicted, having to appeal. That's a conclusion. But why was that true? That's the part that's missing. If you give us a conclusion, he was forced to take a plea bargain, you don't tell us why he was forced. You didn't, I mean, the district court was of the view that you didn't tell him why he was forced to take a plea bargain. We did. And we explained that he was compelled to do it by the mere fact of this Sixth Amendment violation. That can't be true. That would mean every Sixth Amendment violation necessarily results in prejudice. And that can't be true. Well, the Supreme Court has said we can't expect prosecutors to not tell the truth about what happened. And not only that, but again, I know the Court says Rutherford is not applicable, but as to Rutherford. I didn't say it wasn't applicable. I just said it's a different procedural posture. If I could just please read this. It says, We know that that occurred here. We know they made a report and they gave it to the district attorney. And so that's why the Danielson case has set up this test where, in essence, once we're able to show that they have ruled that Rutherford is not applicable,  meaning the prosecutors, they have it in a report, they have it in a digital recording, then the burden shifts because how are we to know exactly what happened, at least from a pleading point of view? Now, we say, in this particular case, we have evidence. They have the particular recording. We're able to call the prosecutor and ask them, isn't it true that you threatened to use this statement against the defendant? Did that, in your opinion, or from the facts of the defendant? Well, the defendant would know that. If somebody threatened him, he would know that. You wouldn't have to question the prosecutor to find out whether or not he was threatened. If something like that happened, the defendant would know it and you'd be able to plead that without discovery. So if that happened, it should have been pled. Well, the threat, Your Honor, is the mere fact of having the confession. And, again, I just close off by, well, as Weatherford again stated, there being no tainted evidence in this case, no communication of defense strategy to the prosecution. Well, that happened here. No purposeful intrusion by Weatherford. Well, that happened here. And there was no violation of the Sixth Amendment insofar as it's applicable. The proof in this case fell short. So in essence, what the point of the case is, prejudice is something that the defendant or the pleader or the person bringing the case should have an opportunity to prove up. And that's what we feel that we should have a right to do. It's supported by the Danielson case and the Irvin case as well, which is cited. So in those cases, plea cases? In the Irvin case, it was a criminal case, but they referred to 1983 cases and they referred to a D.C. Circuit rule, which is exactly the one that Danielson has for 1983 pleading cases. But were those cases, did those cases involve defendants who took guilty pleas or who went to trial? They did not. But in Danielson, they did not involve the defendants pleading guilty. They involved people going to trial, obviously. Okay. I'll reserve whatever time I've got left. Thank you very much. All right. So we have a trilogy here, 5 minutes, 4 minutes, 1 minute. Right? Okay. Put 5 minutes on the clock. Okay. If it's zero, your turn is over. Thank you, Your Honor. May it please the Court, John Vine from the California Attorney General's Office representing Special Agents Robert Nishiyama. To go to the Court's last question, both the facts in Weatherford and the Danielson lawsuit, those were instances where the criminal defendant learned of the information that the prosecution had at the time of trial. In this case, as the Court is aware, the criminal defendant had the information about what had occurred when the incident happened because he was there. And at no time before the criminal plea was any type of prejudice raised to the criminal court, the criminal defense attorney, Mr. Nick, who's the same as the plaintiff's counsel here, before the criminal plea was entered, raised no mention of any prejudice. He was wholly silent on it. When the plea was taken, the factual basis for the plea in the criminal case was a 2006 jury trial. In addition, with respect to the sentencing, there was no Harvey waiver, so everything that had to do with the sentencing had to do with the 2006 incident, not the 2008 incident, because the 2008 incident was dismissed. So you had no effect either on the plea and you had no effect on the sentencing because there was no Harvey waiver with respect to this. What do you mean when you say Harvey waiver? In California, there's a case, People v. Harvey, and what it says is if there are dismissed accounts, those accounts cannot be used as part of the judge's sentencing. The judge must ignore those. And there was no Harvey waiver in this case. So the judge was not involved. Who would have waived the Harvey? That, again, was Mr. Nick and the criminal defendant. And so, in essence, that he did not agree to have, he was not going to waive his rights and he was not going to have the 2008 charges or any of the dismissed charges part of his sentencing. The trial court, excuse me, the district court, in this case, correctly observed that the allegations of prejudice were wholly speculative. And the prejudice that never came out before the criminal trial, or excuse me, the criminal plea, that has been evolving throughout this civil lawsuit. At first, they filed a complaint with really no direct mention of the prejudice. Judge Breyer gave them leave to amend. They amended. And when they amended, if you look at the complaint, they amended their prejudice as being evidence and admissions, that those were the prejudicial elements. And as it becomes clear, the evidence or the admissions played no part in the earlier 2006 plea. Then at the hearing, counsel raised the additional argument and alleged prejudice that the criminal plea was a result of some, was a result of being painted into a corner. And so that was raised for the first time. And then in this appeal, during their opening brief, they've now argued that the prejudice was a result of a window of, a window into the defense strategy. But that was already known from the prior trial, right? Correct. They had had the trial, and it was a hung trial back in 2000. I believe that was in 2007, in the summer months. So unless the Court has any questions, I'll turn it over to Mr. Mitchell. All right. Thank you. Four minutes and 54 seconds on the clock, please. Good morning, Your Honors. Thank you. Steve Mitchell. I represent appellee Peter Hoyle, one of the alleged interrogating officers. Just very briefly, counsel for appellant said that there was no law that stated that substantial prejudice was the standard, and actually U.S. v. Irwin, a Ninth Circuit judge, in 1982, clearly states substantial prejudice is the standard, as does Williams v. Woodford, Ninth Circuit, 306 F. 3rd, 665. Judge Breyer found that, at best, there's speculative prejudice as opposed to substantial prejudice. And I don't think we've heard anything that would change that. I would simply emphasize, and it's at page 57 of the supplemental excerpts of record, the factual stipulation of the plea is announced on the record. Mr. Nick, for Mr. Parker, the plaintiff here, stipulates that the basis for his plea is the evidence that was introduced in the 2006 trial. So it has nothing to do with anything that occurred in 2008. What if he said, you know, I never would have agreed to that plea if you didn't have all this additional information? Well, to me, there are two arguments. First of all, I don't think it even reaches speculative prejudice, which is what I'm trying to get at here. The statements were properly obtained because there was a waiver of the right to counsel, in which case the evidence would have been used, or B ---- But not everyone agreed that there was a Sixth Amendment violation. No, we don't agree. That's just plaintiff. But either it was properly obtained, in which case it would have been used, or B, it was improperly obtained and it would have been excluded. I think that there are substantial waiver issues by virtue of the plea. You essentially waive the argument that he was prejudiced when you stipulate that the factual basis for the plea was the 2006 conviction. Wait a minute. I mean, I think I heard you say that possibly there's a really decent argument that you can make with a straight face that this was not a Sixth Amendment violation and the evidence should have come in. Is that correct? I didn't quite follow your question. Well, I believe you said that, well, either it was proper interrogation, in which case it would go to trial, or it wasn't and it would have been suppressed. And I think you were asked, well, doesn't everybody agree that it was a Sixth Amendment violation? And you said, no, there's a good reason to say it was not a Sixth Amendment violation. Didn't you just say that? I did, because ---- And if that's true, then why wouldn't that be a pretty good bargaining chip for the prosecution? Well, but if it should come in, it's an appropriate bargaining chip. Wait a minute. Come on. We all know that plea agreements are like settling civil lawsuits. If it's got some real substance to it and it might actually win in front of a court that was not a violation and the courts may actually say, that's right, it wasn't, then he's got a big problem he's looking into. Does he not? First of all, if what you say is true, doesn't he have a problem he's looking into? There's absolutely no evidence that there was any such problem. There's no discussion of it during the plea process. There's no actual allegation in the First Amendment complaint that it affected the plea negotiations. There's no allegations whatsoever in the First Amendment complaint regarding that. Why did they dismiss the 2008 charges? It was part of the plea agreement. I would also argue, Your Honor, that there is essentially a Heck v. Humphrey issue here. Heck v. Humphrey, I'm sorry I didn't cite it in the brief, well-known Supreme Court case that says that you can't have an outcome in a civil case that is inconsistent with a criminal conviction. Was that raised in the district court? It was not, Your Honor. So we can't consider it. All right. Lastly, I would just say, time's running out, the Weatherford case, page 560, 561, addresses a very similar argument that the defendant raised there about he lost his ability to plea, and the court, U.S. Supreme Court, rejected that on page 560 and 561. You've exceeded your time. Thank you. One minute. Very briefly. Doug Losack, Mendocino County Counsel's Office, on behalf of Thomas Allman, Mendocino County Sheriff's Office in the county. I'm not really sure if the Court has any questions for me. The issues that were raised, we were dismissed early in the matter. The issue was never mentioned in the appellate's opening brief. The First Amendment notice of appeal does mention the county in the order dismissing us, but I don't know why we're really here. All right. Thank you. Thank you, Your Honor. Your Honors, I just close off by quickly saying, first of all, citing to the Irwin case, they refer to other actions designed to give the prosecution an unfair advantage. That's what occurred here. Lastly. Counsel, what's your response to opposing counsel's observation that the factual basis for the plea was predicated entirely on the trial findings from the previous trial? In 2008, charges were dismissed and there was no waiver of the right to have that information precluded from sentencing consideration. I think that Judge Fernandez was able to pick up on what the issue is, is that through the plea bargaining process, Your Honor, there's give and take. So here the defendant is faced with a choice of saying, okay, you're giving me a lesser charge. If I don't accept it, then I have to run the risk of maybe being convicted under this particular statement that I made. It's true all the time. Exactly. Those are choices that are made. That's not prejudice if it's something that all defendants face, regardless of whether or not there's a Sixth Amendment violation or not. That's true of every defendant who's weighing a plea bargaining. But the evidence that the prosecution has against the defense that the defendant has. So why is that substantial prejudice to have to consider the same things that all other defendants have to consider? It's not, Your Honor, because not all other defendants, when they're in the plea bargaining position at the fork of the road, are staring at a Sixth Amendment violation which may be used against them and staring at having to go through a motion to suppress, a trial, and an appeal maybe to prove the point. Look at the Danielson case. It was the motion to suppress was denied at the trial court. Sixth Amendment violations are raised all the time in criminal cases. Motions to suppress are routine. That's why I'm having a difficult time trying to understand how this is substantial prejudice just to be other defendants. Your Honor, as a criminal defense lawyer, you're sitting there speaking to a defendant who's asking you, well, can we get this suppressed? A defense lawyer has to say, the law seems to support it, but the law books are filled with situations where those motions have been denied. Nothing unusual about that. And so you have to face a choice right now. And the choice is do you run the risk of having this case decided against you with this particular statement in the record, or do you accept what they're giving you right now? And that's the unfair advantage. In the prior trial, the defense strategy was revealed. There was going to be a medical marijuana defense. Everybody knew that. Your Honor, it was not revealed in the detail that was in this statement. You have even the defendant telling them, the hours that I make or the hourly wage was calculated by my attorney. Nobody learned that in the prior trial. And I just close by pointing out again in Weatherford, unless Weatherford communicated the substance of Bercy Weiss' conversations and thereby created at least a realistic possibility of injury to Bercy or benefit to the State, there can be no Sixth Amendment violation. All right. Thank you, counsel. Thank you. You have exceeded your time. Thank you. Thank you to all counsel. The case is argued and submitted for decision by the Court. This Court is in recess until 9 a.m. tomorrow morning. All rise. This Court for this session stands adjourned.
judges: Wells, Fernandez, Rawlinson